James D. BROWN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–6439.

Court of Appeals of Alaska.

July 7, 2000.

---

**27.** *Id.*

Ronald A. Offret, Aglietti & Offret, Anchorage, for Appellant.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

James D. Brown was convicted of second-degree murder and was sentenced to serve 55 years. This sentence considerably exceeds the 20– to 30–year benchmark range announced in *Page v. State*[1] for first felony offenders convicted of second-degree murder. Twice before, we have assessed the propriety of Brown's sentence in light of this benchmark range. In our last decision[2], we concluded that the superior court had not offered any convincing reason to depart from the benchmark range in Brown's case, and we therefore directed the superior court to reduce Brown's sentence to no more than 30 years to serve. The supreme court has now directed us to reconsider our conclusion in light of the court's recent decision in *State v. Hodari*.[3]

*Hodari* is the latest stage of an appellate dialog .concerning the proper role of bench-

---

1. 657 P.2d 850, 855 (Alaska App.1983).

2. *Brown v. State*, 973 P.2d 1158 (Alaska App. 1999).

3. 996 P.2d 1230 (Alaska 2000).

mark sentencing ranges. When the legislature enacted Alaska's presumptive sentencing laws, the legislature declared that its primary goals were to attain reasonable uniformity in sentences and to eliminate unjustified sentencing disparity.[4] In an effort to foster these same goals in cases not governed by presumptive sentencing, this court has announced various "benchmark" sentencing ranges. Like the presumptive terms enacted by the legislature, the benchmark sentencing ranges serve as starting points for a judge's sentencing analysis.

■ A benchmark range, like a presumptive term, does not prohibit a sentencing judge from imposing a sentence at the upper or lower limit of the sentencing range established by the legislature. But just as a sentencing judge must justify a departure from the applicable presumptive term, a sentencing judge must explain a departure from the benchmark range.

In *Hodari* and in its predecessor, *State v. Wentz*[5], the supreme court admonished this court not to interpret or apply benchmark ranges inflexibly. The court stressed that any sentencing decision ultimately must be justified on the particular facts of a defendant's offense and background, evaluated in light of the range of sentences authorized by the legislature for that offense. Thus, the supreme court warned, appellate courts should not "rely[ ] too heavily on appellate review to articulate sentencing principles and to fine-tune sentences [by] anticipat[ing] what other factual situations might arise in the future [or by] fashion[ing] rules prospectively".[6]

In *Williams v. State*[7], this court responded to the supreme court's concerns. We clarified that benchmark ranges were intended to serve only as "starting points" for sentencing analysis, not "hard and fast limits" on a judge's sentencing discretion.[8] We explicitly rejected the notion that sentencing

judges could deviate from a benchmark range "only when certain specific, limited exceptions are established".[9] Rather, we stressed that a sentencing judge could properly rely on "any sound reason" to deviate up or down from the benchmark.[10]

We reiterated all of these principles in our prior opinion in Brown's case:

Benchmarks are intended to help courts avoid unjustified disparity in sentencing by forcing judges to articulate reasons for imposing atypical sentences. When a sentencing judge "decides that an offender deserves a sentence which is significantly different from sentences previously given to similarly situated offenders", the judge is required to "find some legitimate basis for the difference"—that is, a basis related to the sentencing criteria originally announced in *State v. Chaney*, [477 P.2d 441, 443–44 (Alaska 1970),] and now codified in AS 12.55.005. The benchmark

> promote[s] careful consideration of whether actual differences exist between [the] case [before the court] and prior, generally similar cases, and encourage[s] [sentencing] courts to [clarify] their reliance on those differences when they do exist.

*Williams*, 809 P.2d at 934. And, because sentencing judges are required to articulate their reasons for imposing sentences above or below the benchmark, the benchmark fosters another goal: better-informed appellate review of sentencing decisions.

... There are few legal restrictions on the types of factors that a sentencing court can consider when assessing whether a particular sentence should fall outside the benchmark range. As we stressed in *Williams*, "any sound reason may be relied on to differentiate one case from another." But the benchmark does serve as an anchor: a sentencing judge must have sound

---

4. *See* AS 12.55.005.

5. 805 P.2d 962 (Alaska 1991).

6. *Hodari*, 996 P.2d at 1235 (quoting *Wentz*, 805 P.2d at 967).

7. 809 P.2d 931 (Alaska App.1991).

8. *Id.* at 933.

9. *Id.*

10. *Id.* at 934.

reasons before imposing a sentence that varies from the benchmark.

*Brown v. State,* 973 P.2d at 1162 (footnotes omitted).

Mindful of these principles, we renew our consideration of Brown's case.

*Page* established a benchmark range of 20 to 30 years to serve for first felony offenders convicted of second-degree murder.[11] When we initially reviewed Brown's 55–year sentence, we noted that the sentencing judge had not offered any explanation for his decision to exceed the *Page* benchmark range by 25 years. We therefore remanded Brown's case to the superior court and directed the sentencing judge to explain this departure from the 20– to 30–year benchmark range.[12]

On remand, the sentencing judge offered various reasons for exceeding the benchmark range. We discussed all of these offered reasons in our second opinion.[13] Ultimately, we rejected all of the sentencing judge's justifications for exceeding the *Page* benchmark.

But, for purposes of assessing our decision in light of *Hodari,* the important thing is that we did not reject any of the sentencing judge's offered reasons on *legal* grounds. That is, we did not rule that the judge's reasons were *per se* inadequate to justify a departure from the *Page* benchmark range. Rather, we rejected the judge's sentencing decision because, even adopting the judge's view of the evidence, his offered reasons for

exceeding the *Page* benchmark were not supported by the record.[14]

■   We stand by our previous rulings that a benchmark range is but a starting point for sentencing analysis, and that any sound reason can justify a departure from the benchmark range. We fully adopt—and endorse—the supreme court's admonitions in *Hodari* and *Wentz* that an appellate court should not limit a sentencing judge's discretion by creating an exclusive list of pre-determined factors which alone will justify a departure from the benchmark range. Our decision in Brown's case is fact-based: the sentencing judge's offered justifications for exceeding the benchmark range are not supported by the judge's own findings and evidentiary assumptions.

■   When the record fails to support a sentencing judge's offered justifications for departing from a benchmark range, an appellate court should direct the sentencing judge to impose a sentence within the benchmark range. We therefore REVERSE Brown's 55–year sentence and direct the superior court to sentence Brown to no more than 30 years to serve.

11.   *See Sam v. State,* 842 P.2d 596, 603 (Alaska App.1992) ("[T]he *Page* benchmark is meant to reflect the appropriate starting point for sentencing in second-degree murder cases involving first felony offenders.").

12.   *Brown v. State,* Alaska App. Memorandum Opinion No. 3815 (May 6, 1998).

13.   *Brown v. State,* 973 P.2d at 1161, 1162–64.

14.   *Brown,* 973 P.2d at 1163–64.